UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREY WATSON, an individual,

       Plaintiff,                      Case No. 1:12-cv-____

vs.

KALAMAZOO REGIONAL                **COMPLAINT**
EDUCATIONAL SERVICES
AGENCY, a public body

       Defendant.

---

William F. Piper (P38636)
William F. Piper, P.L.C.
Attorney for Plaintiff
1611 West Centre Avenue, Suite 209
Portage, MI 49024
Phone: 269.321.5008
Fax: 269.321.5009

---

The plaintiff KAREY WATSON, by and through her attorney William F. Piper, PLC., for her complaint, states as follows:

## JURISDICTIONAL ALLEGATIONS

1.    The plaintiff Karey Watson is a woman who is a resident of the County of VanBuren, State of Michigan.

2.    The defendant Kalamazoo Regional Educational Services Agency is a public entity that does business in the County of Kalamazoo, State of Michigan.

3.    The defendant is subject to the requirements of the Equal Pay Act, 29 U.S.C. § 203 et. seq.

4. The complaint in this matter arises under the Equal Pay Act, 29 U.S.C. § 203 et. seq.

5. Jurisdiction arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

6. Certain claims in this matter arise under this court's supplemental jurisdiction to hear and decide claims based on the same transactions and occurrences as the federal claims.

7. The claims in this lawsuit arise out of the plaintiff's employment by the defendant in Kalamazoo County.

## COMMON ALLEGATIONS

8. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-7 of this complaint.

9. Ms. Watson began working for the defendant in January 2005.

10. In January 2006 the defendant promoted Ms. Watson to Human Resources Administrator, which was the highest ranking person in the Human Resources Department of the defendant.

11. Ms. Watson directly performed many functions, including performing many local district services functions.

12. Given the extent of the job duties she actually performed, Ms. Watson had to work hard and put in numerous hours in order to complete her job duties.

13. Given the extent of the job duties she actually performed, Ms. Watson put together a proposal to increase human resources staffing and to change her job title and description to what it really was, which was a Human Resources Director position, the latter of which she had expressed interest in on several occasions.

14. The defendant ignored Ms. Watson's proposal.

15. In December 2011, for personal reasons, Ms. Watson decided to step down to a human resources generalist position.

16. On January 30, 2012 the defendant replaced Ms. Watson with a man who had less educational credentials and fewer years of experience.

17. The defendant, nonetheless, paid Ms. Watson's replacement approximately $17,000.00 more than it paid Ms. Watson, which was also more than $40,000.00 more than it had paid Ms. Watson when it first promoted her to Human Resources Administrator in 2006.

18. In July 2012 the defendant promoted Ms. Watson's replacement to a Human Resources Director position, based, upon information and belief, upon a promise to perform local district services that he had not yet performed.

19. Ms. Watson, as indicated above, had already performed local district services.

20. In giving Ms. Watson's replacement a promotion, the defendant paid her replacement at least $23,000.00, if not more, than Ms. Watson, and it gave him fringe benefits she had not received, such as a car allowance of $250.00 per month.

21. The defendant had a history of paying men more for equal or similar work and employing a greater percentage of men in higher level positions in the organization of the defendant.

22. As a result of the unlawful actions of the defendant set forth above, the plaintiff suffered and will continue to suffer a loss of income and benefits, emotional distress, anger, alienation, a loss of confidence and other economic and intangible damages.

### COUNT I – EQUAL PAY ACT VIOLATIONS

23. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 - 22 of this complaint.

24. During her employment by the defendant, the plaintiff had the same job duties or substantially similar job duties, requiring equal or substantially equal skill, effort and responsibility, under the same or similar working conditions, as that of her male replacement.

25. The defendant nonetheless had provided to Ms. Watson substantially less in money and benefits than her aforementioned successor.

26. The defendant's conduct in providing Ms. Watson substantially less in money and benefits than her successor constitutes sex discrimination.

27. This sex discrimination referenced above was willful and knowing.

28. The defendant's aforementioned unlawful conduct violates the Equal Pay Act, 29 U.S.C. § 203 et seq., or the Minimum Wage Act of 1964, MCL 408.381 et. seq., and the Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq.

29. As a result of the defendant's unlawful conduct, the plaintiff suffered the damages set forth above.

WHEREFORE, the plaintiff requests a judgment against the defendant for whatever amount is sufficient to compensate her for her injuries and damages, liquidated (double) damages, plus costs, reasonable attorney's fees, pre-judgment interest, interest, and any other relief this court deems fair and just.

Dated: October 11, 2012               WILLIAM F. PIPER, PLC.
                                      Attorney for Plaintiff


                                      By:    /s William F. Piper
                                             William F. Piper (P38636)